IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-HC-966-H

| | |
|---|---|
| JOHHNY STREET PARKER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>CARLTON JOYNER, Warden, Central )<br>Prison, Raleigh, North Carolina, )<br>)<br>Respondent, ) | **ORDER** |

This matter comes before the court upon Petitioner's motion [DE-143] for the appointment of independent counsel ("motion for independent counsel") in light of Juniper v. Davis, 737 F.3d 288 (4th Cir. 2013) and Martinez v. Ryan, ___ U.S. ___, 132 S.Ct. 1309 (2012). On April 28, 2014, the court stayed all proceedings in this matter pending a decision by the Fourth Circuit in Fowler v. Joyner, 753 F.3d 446 (4th Cir. 2014). April 28, 2014 Order [DE-150]. The Fourth Circuit issued a decision in Fowler on June 2, 2014, and Petitioner supplemented his motion for independent counsel with a status report on June 24, 2014 [DE-151]. Respondent filed a response on August 8, 2014 [DE-153], and Petitioner filed a reply on August 14, 2014 [DE-154].

Petitioner further supplemented the instant motion on September 18, 2014 [DE-156]. Accordingly, the matter is now ripe for adjudication.

## I. Procedural Background

Petitioner was convicted of, *inter alia*, two counts of first-degree murder and sentenced to death in the Superior Court of Sampson County, North Carolina. State v. Parker, 350 N.C. 411, 418, 516 S.E.2d 106, 112 (1999). The United States Supreme Court denied certiorari. Parker v. North Carolina, 528 U.S. 1084 (2000). Petitioner's post-conviction Motion for Appropriate Relief was denied on December 29, 2002, and the North Carolina Supreme Court denied his Petition for Writ of Certiorari. Parker v. Branker, No. 5:03-HC-966-H, 2008 WL 859002, at *3 (E.D.N.C. Mar. 31, 2008). On December 24, 2003, Parker filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this court. Pet. [DE-1]. That petition was dismissed on March 31, 2008. Parker, No. 5:03-HC-966-H, 2008 WL 859002, at *15. However, on April 8, 2009, the Fourth Circuit remanded the case to this court with instructions to hold an evidentiary hearing. [DE-92], p. 4.[1]

---

[1] This evidentiary hearing has been continued on numerous occasions at the request of Petitioner's counsel due to, *inter alia*: 1) health issues faced

2

During his direct appeal and state post-conviction proceedings, Petitioner was represented by James B. Craven III and Brenda D. Unti. Mot. [DE-4], p. 1, ¶ 3. On February 9, 2004, Mr. Craven and Ms. Unti were also appointed to represent Petitioner with respect to the instant petition. February 9, 2004 Order [DE-8]. On September 1, 2004, Mr. Craven filed a motion requesting the appointment of co-counsel, indicating that Ms. Unti was "moving to Alaska and will no longer be in private practice." Mot. [DE-15], p. 1, ¶ 2. This request was allowed on October 19, 2004. Specifically, Ms. Unti was permitted to withdraw from the case and Mary Jude Darrow was appointed as co-counsel. October 19, 2004 Orders [DE-16, 17]. On January 24, 2007, Mr. Craven noted that Ms. Unti had returned to North Carolina and resumed her private practice. Mot. [DE-33], p. 1, ¶ 3. Accordingly, he requested that Ms. Darrow be permitted to withdraw from the case and that Ms. Unti be re-appointed. Id. at p. 2. Those requests were allowed on January 30, 2007. January 30, 2007 Order, [DE-39]. Thus, Ms. Darrow was co-counsel in this case from October 19, 2004 until January 30, 2007. Mot. [DE-154], p. 2, ¶ 10. Notably, "[h]er participation in the case was at all times subordinate to lead counsel . . . [Mr.] Craven . . . and consisted for the most part of document

---

by Petitioner's retained experts and investigators; and 2)Petitioner's own significant health issues. See, e.g., [DE-109, 124].

3

review." Id. Moreover, Mr. Craven also notes that "[t]his is the only capital habeas case in which [Ms. Darrow] has appeared as counsel." Id. ¶ 11.

## II. Analysis

Petitioner filed the instant motion for Martinez counsel on January 10, 2014. Mot. [DE-143]. Ordinarily, a federal habeas petitioner is procedurally barred from obtaining review of a claim if he failed to raise and exhaust the claim in state court first. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Wainwright v. Sykes, 433 U.S. 72, 84-85 (1977). Under this doctrine, habeas review of the otherwise procedurally defaulted claim is allowed only if the petitioner can demonstrate (1) cause for the default and prejudice resulting therefrom or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750. In some circumstances, a petitioner may establish cause if he was represented by counsel whose performance was constitutionally ineffective under the standards established in Strickland v. Washington, 466 U.S. 668 (1984). See Coleman, 501 U.S. at 752; Murray v. Carrier, 477 U.S. 478, 488 (1986). In Coleman, however, the Supreme Court held that because "[t]here is no constitutional right to an attorney in state

4

postconviction proceedings," a federal habeas "petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings" to establish cause. 501 U.S. at 752.

In Martinez, the Supreme Court announced a "narrow exception" to the Coleman rule. The Court held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective assistance of trial counsel may do so if: "(1) the ineffective assistance of trial counsel claim is a substantial one; (2) the 'cause' for default 'consist[ s] of there being no counsel or only ineffective counsel during the state [post-conviction] review proceeding'; (3) 'the state [post-conviction] proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial review collateral proceeding.'" Fowler, 753 F.3d. at 461 (quoting Trevino v. Thaler, 133 S.Ct. 1911, 1918 (2013) (internal quotation marks, alterations, and emphasis omitted)); see also Martinez, 132 S.Ct. at 1318. Subsequently, in Trevino, the Court held that the Martinez exception also would apply in states that allow a defendant to raise an ineffective assistance of trial counsel claim on direct appeal but whose procedures "make[ ] it highly unlikely in a typical case that a defendant will have a

5

meaningful opportunity to raise [such] a claim." 133 S.Ct. at 1921.

North Carolina does not fall neatly within Martinez or Trevino. See Fowler, 753 F.3d. at 463. Under North Carolina law, ineffective assistance of trial counsel claims that are apparent from the record must be brought on direct appeal and, therefore, do not fall under the Martinez exception to Coleman. See id. Ineffective assistance of trial counsel claims not apparent from the record, however, must be raised in the state collateral review process and will fall within the Martinez exception. See id.

In Fowler v. Joyner, the Fourth Circuit held that because some claims may fall within the Martinez exception to Coleman, North Carolina inmates who are represented in federal habeas by the same counsel that represented them in state post-conviction proceedings are entitled, upon request, to the appointment of qualified, independent counsel to investigate whether ineffective assistance of trial counsel claims exist that were not brought in state post-conviction proceedings. 753 F.3d. at 463. It will be left to the federal habeas court to determine "whether the particular ineffective assistance claim identified, regardless of its merit, is nonetheless procedurally defaulted

6

because it could, and should, have been raised on direct appeal." Id.

Here, Petitioner is currently represented in federal habeas proceedings by attorneys, Mr. Craven and Ms. Unti, who also represented him in state post-conviction proceedings. However, Respondent argues that Petitioner has already been appointed qualified, independent counsel, namely, Ms. Darrow. Resp. [DE-153], p. 2, ¶ 3. Indeed, in Fowler, the Fourth Circuit ultimately denied a request for the appointment of counsel because that petitioner had already been appointed qualified, independent counsel. Fowler, 753 F.3d at 463-65. Respondent contends that "[t]he only difference between the defendant in Fowler and the petitioner in this case is that the independent counsel was appointed and then later left the case, after staying for 2 years and 3 months, rather than staying on until the filing of petitioner's current motion." Resp. [DE-153], pp. 2-3, ¶ 4. The undersigned disagrees.

In Fowler, the Fourth Circuit noted that "[the previously appointed counsel] "is without doubt well qualified and informed in death penalty matters . . . [and] did not labor under *any* conflict of interest that would have hindered her ability to investigate whether there were any Martinez-based ineffective-

7

assistance-of-trial-counsel claims" Fowler, 753 F.3d. at 465 (emphasis in original). Here, it appears that at the time of her appointment, Ms. Darrow was not "qualified" as that term is defined in federal post-conviction proceedings seeking to vacate or set aside a death sentence.[2] Likewise, even if she were "qualified", she was clearly not "independent". As noted above, Ms. Darrow "was at all times [relevant to these proceedings] subordinate to . . . [Mr. Craven]." Resp. [DE-154], p. 2, ¶ 10. Thus, Mr. Darrow was not independent, because, as a subordinate of Mr. Craven, she also labored under his conflict of interest. Consequently, Petitioner is entitled to the appointment of qualified, independent counsel to investigate whether ineffective assistance of trial counsel claims exist that were not brought in state post-conviction proceedings. Fowler, 753 F.3d. at 463.

Rules governing appointment of counsel in federal habeas proceedings initiated pursuant to 28 U.S.C. § 2254 are governed by 18 U.S.C. § 3599. Section 3599(c) provides that a qualified

---

[2] Title 18 § 3599(c) provides that a qualified attorney is one who has been admitted to practice in the court of appeals, in this case the Fourth Circuit Court of Appeals, for not less than five years, and who has not less than three years of experience in the handling of appeals in that court in felony cases. Ms. Darrow's appointment was not improper, however, because, if more than one attorney is appointed to represent a habeas petitioner, the statute requires that only one meet the requirements of § 3599(c). 18 U.S.C. § 3599(c) (stating that "at least one attorney so appointed" must meet said requirements). Nonetheless, Ms. Darrow cannot be deemed "qualified" for the purposes of determining whether Petitioner is entitled to Martinez counsel. Fowler, 753 F.3d at 465, n. 7.

8

Case 5:03-hc-00966-H    Document 157    Filed 11/21/14    Page 8 of 12

attorney is one who has been admitted to practice in the court of appeals, in this case the Fourth Circuit Court of Appeals, for not less than five years, and who has not less than three years of experience in the handling of appeals in that court in felony cases. If more than one attorney is appointed to represent a habeas petitioner, the statute requires that only one meet the requirements of § 3599(c). The court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant. § 3599(d).

Here, Petitioner notes that Kenneth J. Rose and Andrea Nieves "are willing to accept appointment as Martinez counsel." Mot. [DE-143], p. 3, ¶ 7. The court finds that Mr. Rose and Ms. Nieves are independent and qualified to represent pursuant to 18 U.S.C §§ 3599(c) and (d). See id. Therefore, the instant motion [DE-143] shall be ALLOWED, and Mr. Rose and Ms. Nieves shall be appointed to represent Petitioner as Martinez counsel.[3]

---

[3] In Fowler, the Fourth Circuit noted that "there is no magic to the term 'Martinez counsel,' . . . the term is but a shorthand reference to the qualified, independent counsel that Juniper held was ethically required under § 3599 in the narrow set of circumstances presented." Fowler, 753 F.3d. at 465-66.

9

### III. Conclusion

For the aforementioned reasons, it is ORDERED that:

1) The stay in this matter is HEREBY LIFTED;

2) Petitioner's motion [DE-143] for appointment of independent, qualified counsel under <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) is ALLOWED;

3) Kenneth J. Rose and Andrea Nieves are APPOINTED as counsel for Petitioner pursuant to 28 U.S.C. §§ 3599(c)-(d) and the Criminal Justice Act ("CJA");

4) The appointments shall take effect on the date that this Order is filed, and counsel shall have 180 days from that date to investigate and file any additional claims in the district court in accordance with <u>Martinez</u>. Upon reaching a conclusion as to whether the instant petition should be amended to include additional claims, Mr. Rose and Ms. Nieves shall file a status report with the court summarizing their determination;

5) The Clerk of Court is directed to furnish Mr. Rose and Ms. Nieves a copy of this Order at:

The Center for Death Penalty Litigation
123 West Main Street Suite 700
Durham, North Carolina 27701-3228

6) Mr. Rose and Ms. Nieves shall be compensated at the rate established by the CJA for capital cases;

7) On a reasonable basis, Mr. Rose and Ms. Nieves shall submit interim claims for compensation and reimbursement of expenses by submitting to the clerk of this court a CJA Form 30 voucher;

8) Compensation for legal research and assistance performed by paralegals or legal assistants (including law students) should be claimed on CJA Form 31 and not claimed as an expense on CJA Form 30. Counsel shall include with the completed CJA Form 31 an explanation of the work performed, the number of hours expended, and the rate requested (less than that paid to appointed counsel);

9) Each voucher shall be accompanied by supporting documentation, such as an itemization of expenses and time sheets. Time shall be recorded rounded to the nearest tenth of an hour. The court refers counsel to the instructions for CJA 30 forms for additional information with respect to appropriate documentation of time and expenses;

10) At the conclusion of representation, Mr. Rose and Ms. Nieves shall submit a final voucher seeking payment for representation provided during the final interim period. The final voucher must be submitted to the clerk of this court

within 60 days after the filing of a notice of appeal, or, if no postjudgment motion or notice of appeal is filed, within 60 days after the entry of judgment;

11) Mr. Craven and Ms. Unti shall continue to represent Petitioner with regard to the original claims of the instant petition.

This 21st day of November 2014.

*[signature]*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC

12

Case 5:03-hc-00966-H   Document 157   Filed 11/21/14   Page 12 of 12